# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00109-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff/Appellee, ) <br> ) <br> vs. ) <br> ) <br> CURTIS E. LEYSHON, ) <br> ) <br> Defendant/Appellant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's appeal from the Judgment entered by the Magistrate Judge on December 9, 2015. For the reasons stated below, the Judgment is affirmed.

**I.     PROCEDURAL BACKGROUND**

On June 5, 2015, Ranger Dan Vrchota issued a violation notice to the Defendant Curtis E. Leyshon for "speeding 60 in 45 zone" on the Blue Ridge Parkway in violation of 36 C.F.R. § 4.21. [Doc. 1]. The citation indicated that the Defendant was not required to appear in court but instead could pay a $75 forfeiture amount and a $25 processing fee for a "Total Collateral Due" of $100.00. [Id.].

In lieu of paying the assessed collateral amount, the Defendant appeared for an initial appearance hearing on August 12, 2015, before United States Magistrate Judge Dennis Howell in Asheville, North Carolina. The Defendant engaged in a lengthy dialogue with the Court but his initial appearance was not completed at that time, and the matter was continued.[1]

On October 14, 2015, the Defendant appeared again for an initial appearance before United States Magistrate Judge David Keesler in Asheville, North Carolina. After the completion of the initial appearance, the Defendant requested to make several motions concerning his case. The Court ordered the Defendant to submit his motions in writing and continued the matter to December 9, 2015.

On December 9, 2015, the Defendant appeared again before the Court in Asheville, North Carolina, with Judge Howell presiding. At that hearing, the Defendant presented a written motion to the Court, requesting *inter alia* to be "informed . . . of the nature of the charge." [Doc. 6 at 6]. The Defendant further demanded a jury trial and asserted that the Court lacked subject

---

[1] No transcript of the proceedings before the Magistrate Judge was prepared, but the Court has reviewed the digital court recordings (DCR) of each of the Defendant's appearances and the subsequent bench trial in preparation of this Memorandum of Decision and Order.

matter jurisdiction. After hearing arguments from both the Defendant and the Government, the Magistrate Judge ruled that the Defendant had no right to a jury trial for this petty offense matter and that subject matter jurisdiction existed. The Magistrate Judge then entered a plea of not guilty on behalf of the Defendant, and the matter proceeded to a bench trial. Upon conclusion of the presentation of evidence, the Magistrate Judge found the Defendant guilty of violating 36 C.F.R. § 4.21. The Defendant was sentenced to a fine of $100.00, plus a $10 special assessment and a $25 processing fee. [Doc. 1-1]. That same day, Defendant filed a notice of appeal to this Court. [Doc. 2].

On December 14, 2015, this Court entered an Order directing the Defendant to file his appellate brief within 30 days. [Doc. 4]. On January 14, 2016, the Defendant filed his appellate brief. [Doc. 8].[2] The Government filed its appellate brief on February 10, 2016. [Doc. 9].

Having been fully briefed[3] this matter is ripe for disposition.

---

[2] While the Defendant did not file his appellate brief until 31 days after entry of the Court's Order, the Defendant also filed a motion asking the Court to accept his late filing [Doc. 7], which the Court has granted by way of separate Order [Doc. 14].

[3] On February 22, 2016, the Defendant filed a motion for an extension of time to file a reply brief. [Doc. 10]. The Court denied this motion on February 23, 2016, on the grounds that the Scheduling Order previously entered by the Court did not contemplate the filing of a reply brief. [Doc. 11]. The Defendant sought reconsideration of the Court's February

## II. STANDARD OF REVIEW

Rule 58(g)(2)(D) of the Federal Rules of Criminal Procedure provides that a defendant who appeals a Magistrate Judge's judgment "is not entitled to a trial de novo by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Rather, the scope of the appeal "is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Id. Accordingly, the Magistrate Judge's findings of facts are reviewed for clear error, and his conclusions of law are review de novo. See United States v. Bursey, 416 F.3d 301, 306 (4th Cir. 2005).

## III. FACTS

The following evidence was presented by the Government at trial and is not disputed by the Defendant.

On December 9, 2015, Ranger Dan Vrchota was on duty and operating a Kustom Golden Eagle II brand radar unit to monitor the speed of motorists on the Blue Ridge Parkway near mile marker 289, located within Watauga County, North Carolina. The speed limit on the Parkway in this area is 45 miles per hour. Ranger Vrchota had received training in the operation of his radar equipment and had been certified to use it. [Gov't Ex. 2]. Ranger

---

23, 2016 Order [Doc. 12], but that motion has been denied [Doc. 14].

Vrchota had calibrated his radar unit less than a year prior to operating it, and it was functioning properly. [Gov't Ex. 1]. While monitoring the Parkway, Ranger Vrchota observed the Defendant driving his pickup truck along the Parkway at what appeared to be a speed above the posted speed limit. With the radar unit Ranger Vrchota detected the Defendant's speed to be 60 miles per hour. Ranger Vrchota then performed a traffic stop on the Defendant and issued a violation notice for exceeding the 45 mile per hour speed limit.

## IV. ANALYSIS

The Defendant's appellate brief consists of a total of 26 pages and raises numerous issues. Many of these issues – including the right of suffrage afforded citizens under the "Constitutions of the several States," the applicability of the Fourteenth and Fifteenth Amendments to the Defendant, and the effect of various North Carolina statutes on the ownership of the Defendant's vehicle – are largely incoherent arguments which have no apparent relation to this petty offense matter. Accordingly, the Court will not address such issues further.

What can be ascertained from the Defendant's filing is the assertion of three primary contentions: (1) that this Court lacks subject matter jurisdiction over this action because the regulation with which the Defendant was

charged of violating was not properly promulgated and therefore is not a substantive rule; (2) that the Magistrate Judge failed to inform him of the nature of the offense with which he was charged; and (3) that the Magistrate Judge deprived the Defendant of his right to a jury trial. The Court will address each of these issues in turn.

### A. Subject Matter Jurisdiction

The Defendant contends that this Court lacks subject matter jurisdiction because the regulation under which he was charged is merely an administrative rule and is therefore not "substantive law." For the reasons set forth below, the Defendant's argument is without merit.

The United States exercises concurrent legislative jurisdiction over the entirety of the Blue Ridge Parkway in North Carolina pursuant to the Enclave Clause of the United States Constitution and the procedures set forth in federal law and North Carolina state law. See U.S. Const. art. I, § 8, cl. 17; 40 U.S.C. § 3112; N.C. Gen. Stat. § 104-31. Congress has authorized the Secretary of the Interior, acting through the Director of the National Park Service, to regulate the use of the National Park System (of which the Blue Ridge Parkway is a part) for the purpose of the public's enjoyment and its conservation for future generations, 54 U.S.C. § 100101, and to prescribe

such regulations as are considered necessary or proper for the use and management of the National Park System, 54 U.S.C. § 100751.

The National Park Service regulations are contained within 36 C.F.R parts 1 through 199. The specific regulation at issue in this case, 36 C.F.R. § 4.21, last underwent substantive review in 1986, and cited 54 U.S.C. §§ 100101, 100751, and 320101 as its source of authority. The National Park Service published its proposed rulemaking in the Federal Register on June 16, 1986 and accepted comments through August 15, 1986. See 51 Fed. Reg. 21840-01. On April 2, 1987, the National Park Service published its final rule in the Federal Register. See 52 Fed. Reg. 10670-01. Public comments received by the National Park Service concerning speed limits were summarized within this final rule.

As the Supreme Court has noted, "it has been established in a variety of contexts that properly promulgated, substantive agency regulations have 'the force and effect of law.' The doctrine is so well established that agency regulations implementing federal statutes have been held to pre-empt state law under the Supremacy Clause." Chrysler Corp. v. Brown, 441 U.S. 281, 295-296 (1979) (footnotes omitted). The rule-making procedures followed in implementing 36 C.F.R. § 4.21 were in compliance with the rule-making

requirements of the Administrative Procedure Act's (APA) "Notice and Comment" provisions. Specifically, general notice was given of the proposed rulemaking as required by 5 U.S.C. § 553(b), such notice was published in the Federal Register, and the public was provided an opportunity for comment. Because 36 C.F.R. § 4.21 followed the requirements of the APA and was promulgated pursuant to a valid source of authority, it is a substantive agency regulation with "the force and effect of law." The Defendant's argument that the Court lacks subject matter jurisdiction because the regulation was not promulgated properly is without merit.

B. **Informed of the Nature of the Charge**

The Defendant contends that he was never informed adequately of the nature and cause of the offense charged, in violation of his Sixth Amendment rights. In so arguing, the Defendant complains that the Court refused to answer a series of questions[4] posed by the Defendant during his initial appearance.

---

[4] These included such queries as: "Is this court acting in this case inquisitorial or adversarial [sic]?" "Does this court take Judicial Notice of the Constitution of the United States?" and "Does this court take judicial notice of the definition of motor vehicle in the criminal code at 18 USC § 31?" [Doc. 6 at 7].

The Defendant's argument is entirely without merit. A review of the DCR of the Defendant's appearances before the Magistrate Judge reveals that the Defendant was advised multiple times of the nature of the offense charged, that being driving 60 miles per hour in a 45 mile per hour zone on the Blue Ridge Parkway, in violation of 36 C.F.R. § 4.21. In addition, the Magistrate Judge advised the Defendant of the minimum and maximum penalties for this offense, including the term of imprisonment, fines, and special assessment that could be imposed. The Magistrate Judge further advised the Defendant of his right to retain counsel and his right not to make a statement. The Magistrate Judge also cautioned the Defendant that any statement he did make could be used against him. In so doing, the Magistrate Judge complied fully with the requirements of Federal Rule of Criminal Procedure 58(b)(2) and adequately informed the Defendant of the nature of the charge against him. The Defendant's argument to the contrary is without merit.

### C. Right to Jury Trial

The Defendant also asserts that he was entitled to be tried by a jury pursuant to the Sixth Amendment and Article III, § 2, Clause 3 of the United States Constitution. The Defendant, however, was charged with a petty

offense, and as such, had no right to a jury trial. "Neither Article 3, § 2 of the Constitution . . . nor the Sixth Amendment . . . applies to petty offenses. Consequently, there is no constitutional right to a trial by jury for a petty offense." United States v. Merrick, 459 F.2d 644, 645 (4th Cir. 1972). The Defendant cites no case law which would entitle him to a trial before a jury, and the law is clear that he had no such right. The Defendant's argument is therefore rejected.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Judgment of the Magistrate Judge is hereby **AFFIRMED**.

The Clerk of Court is **DIRECTED** to provide copies of this Order to the Defendant and counsel for the Government.

**IT IS SO ORDERED.**

Signed: April 11, 2016

Martin Reidinger
United States District Judge